**RECEIVED**

AUG 2 4 2023

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*                                                      *973-645-2700*
*Newark, New Jersey 07102*

July 29, 2022

Jason J. LeBoeuf, Esq.
Ziegler, Resnick & Epstein
651 Old W Mt. Pleasant Avenue
Suite 150
Livingston, NJ 07039

      Re:   Plea Agreement with Musa Karaman

Dear Counsel:        *23 CR 678 (GC)*

      This letter sets forth the plea agreement between your client, Musa Karaman ("Karaman" or the "defendant"), and the United States Attorney for the District of New Jersey ("this Office"). The Government's offer to enter into this plea agreement will expire on **August 19, 2022**, if it is not accepted in writing by that date.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Karaman to an Information charging him with one count of trafficking in counterfeit goods infringing on the word and design trademark bearing registration number 3759451, owned by Cisco Systems, Inc., between in or around September 2017 and in or around May 2021, in violation of 18 U.S.C. § 2320(a)(1) and (b)(1)(A). If Karaman enters a guilty plea to and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Karaman related to the importing, trafficking, or selling of counterfeit goods or labels between 2017 and 2021. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Karaman agrees that any dismissed charges or any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Karaman

charged by the proposed Information in such an amount as the parties will agree or, if no agreement can be reached, the Court shall determine following an evidentiary hearing (the "Restitution Amount"). If the Court imposes a schedule of payments, Karaman understands that the schedule of payments is merely a minimum schedule of payments and not the only method nor a limitation on the methods available to the United States to enforce the judgment.

Karaman understands and agrees that the Restitution Amount may exceed the loss amount agreed upon by the parties in Schedule A for purposes of computing Karaman's advisory Sentencing Guidelines range (the "Schedule A Loss Amount"). Karaman understands and agrees that the Government is permitted to provide the Court with any and all information related to loss and restitution in this matter regardless of whether that information suggests a Restitution Amount higher than the Schedule A Loss Amount.

Forfeiture

Karaman agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2323(b), he will forfeit to the United States all devices bearing counterfeit marks, along with all packaging and labels accompanying those devices, seized by law enforcement on May 26, 2021 during execution of a search warrant at 86 Lackawanna Avenue, Suite 318, Woodland Park, New Jersey 07424, all of which items, packaging, and labels remain in the custody of law enforcement (the "Forfeitable Property"). Karaman acknowledges that the Forfeitable Property comprises articles the making or trafficking of which is prohibited under 18 U.S.C. § 2320.

Karaman agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Karaman agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Karaman understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, Karaman waives any and all claims that this forfeiture

constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Karaman further consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property. Karaman agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent Karaman has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn. Karaman further agrees to take all necessary steps to pass clear title to the Forfeitable Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

Karaman consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all right, title, and interest in the Forfeitable Property and waives: (1) all challenges of any kind to the forfeiture and abandonment of the Forfeitable Property by federal, state, and/or local law enforcement; and (2) any additional notice requirement in connection with the forfeiture and abandonment of this property. Karaman also consents to the destruction of the Forfeitable Property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Karaman by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Karaman's activities and relevant conduct with respect to this case.

Stipulations

This Office and Karaman agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the

- 4 -

sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Karaman from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Karaman waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral

- 5 -

attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Karaman. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Karaman.

No provision of this agreement shall preclude Karaman from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Karaman received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

     This agreement constitutes the plea agreement between Karaman and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                       Very truly yours,

                       PHILIP R. SELLINGER
                       UNITED STATES ATTORNEY

                       */s/ Andrew M. Trombly*

                       By:   Andrew M. Trombly
                            Assistant U.S. Attorney

APPROVED:

/s/ Sean Farrell

---

Sean Farrell
Chief, Cybercrime Unit

                                      - 7 -

Plea Agreement with Musa Karaman

Schedule A

1.    This Office and Musa Karaman ("Karaman" or the "defendant") recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Karaman nevertheless agree to the stipulations set forth herein.

2.    The version of the United States Sentencing Guidelines effective November 1, 2021, applies in this case.

3.    The applicable guideline is U.S.S.G. § 2B5.3.

4.    In accordance with U.S.S.G. § 2B5.3(a), the Base Offense Level is 8.

5.    In accordance with U.S.S.G. §§ 2B5.3(b)(1)(B) and 2B1.1(b)(1)(G), there is a 12-level enhancement because the infringement amount was greater than $250,000 but not greater than $550,000.

6.    As of the date of this letter, Karaman has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, pursuant to U.S.S.G. § 3E1.1(a), a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Karaman's acceptance of responsibility continues through the date of sentencing.

7.    As of the date of this letter, Karaman has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the court to allocate its resources effectively.  If the offense level is 16 or greater, Karaman is entitled to an additional downward adjustment of 1 level pursuant to U.S.S.G. § 3E1.1(b), unless Karaman indicates an intention not to enter a plea of guilty or attempts to withdraw a plea of guilty entered into pursuant to this agreement, thereby forcing the government to prepare for trial.

8.    In accordance with the above, the parties agree that the total Guidelines offense level applicable to Karaman will be **17** (the "Stipulated Offense Level").

9.     Karaman reserves the right to move for a variance based on the factors set forth in 18 U.S.C. § 3553(a). This Office reserves the right to oppose such a motion. The parties agree not to seek or argue for any other upward or downward departure, adjustment or variance not set forth herein

10.     Karaman knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the Stipulated Offense Level of **17**. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the Stipulated Offense Level of **17**. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph or any other provision of the plea agreement. Moreover, the preceding paragraph does not apply to:

a.     Any proceeding to revoke the term of supervised release;

b.     A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); and

c.     An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

- 10 -

I have received this letter from my attorney, Jason J. LeBoeuf, Esq.  I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, stipulations, waiver, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                     Date: 08/25/2022

Musa Karaman


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                     Date: 8/25/22

Jason J. LeBoeuf, Esq.

- 8 -